May it be seated, everybody. Good morning, Your Honors, and may it please the Court. Grace Green-Simmons, amicus for the Court. The question today is whether the District Court had the authority to deny a motion for reconsideration while the appeal of the underlying order was pending. The answer is yes. The District Court had the authority to deny reconsideration, and this Court has the authority, the jurisdiction to review that denial. Filing a notice of appeal generally divests jurisdiction from the District Court, but under Rule 37, a District Court still can consider and deny motions on the merit, including a motion for reconsideration. This compromise allows the District Court to manage its docket without unduly interfering with the case as it stands before this higher court of appeals. This is the pathway that the District Court took here. Mr. Armstrong appealed and then sought reconsideration. The District Court could not have granted reconsideration, but it could and did consider the motion on the merits and deny it. This Court, in turn, has the power to review that denial, and it should. The jurisdictional issue before the Court can really be separated into three parts. First, Mr. Armstrong files his notice of appeal. That divests jurisdiction. That's the classic Briggs rule. Second, Mr. Armstrong files his motion for reconsideration. The question is, does that restore jurisdiction in the District Court? As this Court made clear in Christie, the answer is no. In a criminal case, a later filed motion for reconsideration does not pause the notice of appeal as it would in a civil case. So that leaves the question of, if jurisdiction has been divested, what, if anything, can a District Court do with that while the appeal is pending? And that's where Rule 37 comes in. Rule 37 says that where a pending appeal has divested jurisdiction, the District Court can, A, deny the motion, B, defer considering the motion, or C, issue an indicative ruling saying that they would grant it if this Court would remand for that limited purpose. These actions all aid the appeal, as the District Court gets to have the first opportunity, the first pass at the motion, and it also allows the District Court to provide further insight into its reasoning without actually altering the judgment as it is up on appeal. Can you talk for a second, when I look at Rule 37, obviously the timely motion sort of comes up, and we can talk about timeliness, but I want to bracket that for a minute and sort of ask a steel co kind of question, like an order of operations question. So the motion comes in, the government chooses not to respond as they're entitled to, and then the District Court, without addressing timeliness, denies the motion. You know, in a steel co world, we would say that you got to address jurisdiction before the merits, but this is an Article III jurisdiction, right? It's not the same type of jurisdiction. This is jurisdiction between two courts. Jurisdiction is probably not the right word, by the way, but we use it, so we'll keep pretending. Is there a requirement that the Court have a steel co order of operations? Must the Court, where the government doesn't raise timeliness, must the Court address timeliness before it, you know, chooses in this instance to either deny or provide information or defer? I don't think the District Court has an obligation to explicitly address timeliness. I mean, so I think the fact that the District Court considered the motion on the merits in the first place suggests that it did find that the motion was timely, and we can talk later about why Mr. Armstrong's motion was timely. So I don't think it's required. I understand the argument that it might or might not be timely, but I sort of wanted to bracket that. There's sort of a forfeiture argument here at some level, right? So the judge then addresses the issue that he sees, and that's the merits, without at least expressly addressing timeliness. And I guess I'm just trying to understand from your perspective whether there's like an order of operations problem, whether the District Court could have expressly done that, could have said, for example, I don't know whether this is timely or not, but I don't need to decide that question because I can easily resolve this question by denying the motion. So I think the District Court would have to at least implicitly find that the motion was timely. And why is that? That's what I'm trying to get at. Why is that? Why do you import sort of like a steel co kind of order of operations when what we're really just talking about is the like relative role between two courts? And we certainly have like tons of these exceptions, like an aid of jurisdiction and otherwise, that don't suggest this is the same type of jurisdictional inquiry that steel co was concerned with. I think that requirement originates in the text of Rule 37 itself, which only applies where there's a quote timely motion. But that's always true, right? But the question is, does the government raise that argument, right? So the government, had they responded, which they were entitled to, they might have raised other arguments. The question is, does the court have an obligation to do it first, even in light of forfeiture from the government, right? So the question I'm asking is, assume for a minute, maybe not true, but assume for a minute that the timeliness is forfeited by the government. Is there a requirement that the District Court, because it's jurisdictional in like a steel co sense jurisdictional, not the colloquial jurisdictional, must address that question? So I think I understand your question. Now, I don't believe that this timeliness requirement for Rule 37 is jurisdictional, such that if the government forfeits, raising a timeliness issue, that the District Court can, I think, sidestep the timeliness. And why? I think because, as you say, it doesn't go to, I guess, subject matter jurisdiction. It's more of a rules processing and order of operations issue. So this procedure that we're talking about through Rule 37 prevents these motions from lingering on District Court dockets for months or even years. As the appeal is pending, the District Court can deny the motion, the defendant can appeal that denial, and those two appeals can be consolidated so that this court has both orders, both decisions before it at once, or if the District Court's inclined to grant the motion, it can say so, and this court of appeals can remand for that purpose, avoiding the appeal altogether. Rule 37 is a relatively new rule as far as the rules of procedure go, but its framework has been used by a number of other circuits in a variety of motions filed by defendants, counseled and pro se, while an appeal is pending. As particularly relevant here, the Sixth Circuit in DeLong, which we cite in our has specifically held that Rule 37 allows a District Court to deny a motion for reconsideration while the appeal of the underlying order on compassionate release is pending. The government in its papers accepts Rule 37's framework but suggests that this rule should not apply here for two reasons. First, the government says there's no such thing as a motion for reconsideration of compassionate release, but litigants routinely file these motions and courts routinely rule on them. The government finds this bar in this court's decision in Goodwin, but Goodwin involved a motion for a sentence reduction based on a change in a guidelines range, not a motion for compassionate release. Indeed, Goodwin was decided several years before defendants could initiate motions for compassionate release and well before the the recent rise in compassionate release after the COVID pandemic. Not only did Goodwin not involve compassionate release, but it also did not involve a proper and timely motion for reconsideration. Instead, it dealt for a second request for a reduction based on a one-time change in the guidelines range, the quintessential second bite at an apple. Goodwin aside, the government suggests that Mr. Armstrong's motion is not timely, but his motion is dated and signed before the deadline and Mr. Armstrong has since submitted a declaration attesting that he put his motion to the mailbox on that day. This court has just has discretion to consider that declaration and that should be enough to satisfy the prison mailbox rule here. Where is that declaration? That declaration is going to be document 46 on the court of appeals docket and it is going to be page 11 of 13 on the ECF stamp at the top. Thank you. So as one final point, Mr. Armstrong suggests in his brief that the district court should have treated his motion not as a motion for reconsideration. Can I ask a slightly different question then? Yes, of course. So you and your colleague too cite to rule four when we talk about the prison mailbox rule, but it seems fairly obvious to me that the rule four doesn't apply because this is not an appeal. And so we sort of go back in time to the common law prison mailbox rule or maybe just Houston to the extent we consider that to be the common law version of it. What in your view is this sufficient? So in other words, it is sufficient under rule four, but is it sufficient for a defendant to submit an affidavit that says I put this in the mail before April 18th or whatever the magic date was here? Yes, your honor. So I agree that rule four C doesn't apply here because this is not a notice of appeal. And I think that rule four C is more stringent than the common law rule was. And so I think under the common law, the mere date of the filing would be sufficient. And that's what both the third and the 11th circuits have recognized, but especially that compared with the declaration. How does that match up when Houston says the date of delivery? Those seem like different metrics, right? I mean, I'm just trying to follow Houston, right? But Houston says that you get to rely on the date of delivery, but you have to have some evidence of the date of delivery, it seems like to me. Certainly, your honor. And that is the standard for the prison mailbox rule. It's the date of delivery to basically the prison mail system. But what the third and the 11th circuit have said is that it's often like a prisoner generally can't force someone in the mailroom to stamp his mail with a date. So in general, what they look for as what carries the prisoner's initial burden is what is the day that you sign your motion. And so that's kind of a stand-in for what's the date of delivery to the mail room. And isn't that, what is it, Macy? I think it's this court's case. It basically says the date of the signature. Yes, I believe in there are a couple of unpublished cases from this court and certainly a number of district court cases where the court assumes that the date of the signature is sufficient to carry the prisoner's initial burden of proof. And of course, that's not the end of the story. If the motion was put into the mail system at the prison, they could always pull those mail records and dispute that in the district court. But here we got a declaration that says it. Yes. And so like the story we've got here is sort of both of those things and the question is why that doesn't suffice. Yes, absolutely, your honor. So as the final point, Mr. Armstrong suggests in his brief that the district court should have not treated his motion as a motion for reconsideration but as a motion for a compassionate release, a new motion for compassionate release. The district court certainly could have construed his motion that way, but the district court did not abuse its discretion in treating Mr. Armstrong's motion as a motion for reconsideration. It was titled as such and substantively that's what it sought. It was pointing out to the district court perceived errors in its prior reasoning. But if this court is inclined to interpret Mr. Armstrong's motion that way as a new motion for compassionate release, then Rule 37 would still apply here, allowing the district court to have ruled on that second motion for compassionate release while the appeal on the prior one is pending. If the court has no further questions, I cede the rest of my time. Just to make it clear, what are you asking the court to do specifically? I am here as amicus on jurisdiction only, so I'm asking the court to reach the merits of the dispute, but I take no position on the merits. Mr. Armstrong has very thoroughly briefed that. Okay. Thank you. Thank you, Your Honor. Mr. Enright. Thank you, Your Honor. May it please the court, Anthony Enright for the United States. Armstrong's notice of appeal divested the district court of jurisdiction to rule upon the motion for reconsideration. I think the top line difference between my friend and I is not very great, but the reason I say the court lacked jurisdiction to rule upon it is because of this court's decision in Chrissy, which essentially held as much. The district court in that case held, I don't have jurisdiction because of the divestiture to rule upon this motion one way or another, and this court affirmed. And Rule 37 is after Chrissy. You would agree, right? Oh yes, definitely after, Your Honor. But Rule 37 cannot confer or withdraw jurisdiction. And I understand, Your Honor, is drawing the distinction between jurisdiction and the steel cosense versus the allocation of power between district courts and courts of appeals. But Rule 37's advisory committee note explicitly says it's not intended to draw a distinction between the power to affect the jurisdiction of the district court versus that of the court of appeals. Right. But it seems like, you can say it that way, but it's a little unusual because you could just read Rule 37 to be an example that's being codified of the authority of district courts to act in aid of jurisdiction, right? Because if the district court is going to deny or is inclined to grant, it would help us to consolidate those and or to understand the district court was going to like this is more a specific codification of this sort of broader principle that district courts can act in aid of our jurisdiction. And so in that way, because denying the motion isn't going to affect our jurisdiction and telling us what they're going to do isn't going to affect our jurisdiction, the only thing that would affect us negatively is if the court were to grant the motion because it would then undermine our ability to reach the question that we've been presented with. I think that's an entirely fair point. And my only point of contention is the Christie case. Phobian says exactly what your honor said, and it did so before Rule 37. And I, I view Rule 37 as essentially a codification of Phobian. I actually think Rule 37 and the timing requirements are a bit of a red herring because if, if, if you don't agree with my interpretation of Christie, I imagine Phobian would apply and the court would have authority to deny the compassionate release of the, the reconsideration motion, whether it's timely or not. Timeliness would just be another alternative ground for the court to deny if it chose to. But because Christie exists and Phobian exists and they reached opposite results, I think Christie has to be the controlling case here because it applies in a criminal case to a motion for reconsideration, whereas Phobian is a civil case in a different situation. So they reached opposite conclusions and I don't view Rule 37 as purporting to change what this court said in Christie. That said, I think in the absence of Christie, what you say would make a lot of sense. I do, I did address the substance of Rule 37 because my friend addressed it. I'll reiterate, I don't think if this court, if this, in one sense it's really red herring because I think if this court agrees with my interpretation of Christie, Rule 37 cannot change the jurisdiction that Christie said didn't exist. And Christie acknowledged the indicative ruling procedure because it cited a decision that relied on chronic and it rejected that essentially. It said no, the right thing to do is what you did, which is deny it for lack of jurisdiction. But if this court disagreed with me, then I think the court would have authority, the Rule 37 doesn't create or withdraw jurisdiction, so there has to be a jurisdiction basis separate from the rule. And so if that exists, the court would have authority to deny it and I would agree in that sense. Now I do want to address, because my friend has addressed it, whether Rule 36 applies on its terms. It's probably not a timely motion for two reasons. The first is under the decision in Goodwin, which says 3583C sentence reductions or a sentence cannot be modified once it's imposed under 3583C unless a rule or statute expressly permits. And there is a policy element, there's a policy discussion in there about the fact that 3582C2 doesn't permit unlimited motions, but the holding is an interpretation of 3582C itself, which applies broadly to all post-sentence motions. And it holds that there's no authority to reduce, to modify a previously imposed sentence except what's expressly provided by statute or rule. Right now, there's no authority to modify Rule 35 specifically and there is no express provision for a reconsideration motion of any 3582C reduction. So I think that applies. The second reason is that it's untimely under the mailbox rule. I do want to address this declaration because I think it would be sufficient if it were, if it met the requirements. But unfortunately it says... Where do you get requirements from? Requirements of either Rule 4 or this court's interpretation of the mailbox rule before Rule 4, such as Wilder, which requires you... Go to Wilder. Assume for a minute that Rule 4 doesn't help you on the requirements, right? Okay. Wilder... I told Wilder to be prouder than that. But help me understand why you think Wilder sets forth specific requirements for the type of evidence necessary to show some type of delivery? It says that you need to show that you placed, delivered the document to prison authorities for delivery to the court. And dating it and having it notarized isn't enough. Because that's what happened in Wilder. The difference is you can't deliver it to somebody else outside of the prison for filing and take advantage of the mailbox rule. That was the holding of Wilder. But there's a more fundamental problem, Your Honor. This declaration meets the Wilder requirement because it says I delivered it to prison mail authorities. But it says he did it on March 18th, 2023, which is incredible on its face because it's three weeks before the court issued its order. And the reconsideration motion refers to the contents of the order. Now, I don't mean to be obnoxious because that could be a typo. But the reason I think he needs to correct it in order to give it life is because it needs to be sworn under penalty of perjury. That's a requirement that goes back previously. Can I ask the predicate question here, which I tried to talk to your colleague a little bit about? Sure. So you argue that this timeliness issue is not forfeited? Oh, yes. Because you lacked an opportunity to brief it? Yeah, I think. That seems wrong because you had an opportunity. You just chose not to exercise it? Well, this court's decision in Ashford, I think, validates me. It holds that if there's a rule that says you don't have to respond to pro se filings unless ordered to file, we don't forfeit it. We don't forfeit it by raising it by waiting until the court orders us to respond to raise it. And the only difference between Ashford and what the district court did is that Ashford is a rule of this court and the district court's rule is its own rule. But that's not a material distinction, Your Honor. I think Ashford answers the point because, generally speaking... All right, so bracket that. So this is like a separate piece. The question I've got is whether you think there's an order of operations obligation on the district court when the government makes no argument. This is not a critique of you. I'm just saying you did not make an argument. Correct. The district court has the motion before it. It could take two paths. One path is to say denied on the merits. The other path is to hold an evidentiary hearing on whether it's timely. If it was strictly jurisdictional in an Article 3 sense, Steel Co. tells us you got to do the timeliness, not the merits. That doesn't seem like this. Do you think a district court could say, I don't have to address timeliness because I just deny the motion? So I... You think the answer to that is no because of Christie, but... I think more than that. I think the court could deny on any non-jurisdictional threshold grounds it wants. Timeliness could be one of those. Timeliness is not jurisdictional here. We know that under even... Timeliness isn't jurisdictional because there's nothing about the time itself that would deprive the court of jurisdiction. It's the divestiture, the notice of appeal that is doing the work here. Um, and that's because you, in your view, in light of Christie, um, in other words, you think Rule 37 is like impermissible? No, I don't think Rule 37 is impermissible. I do think in this instance, Christie is the higher, um, is the higher rule of decision. Christie says you can't use the indicative ruling procedure when you're talking about a motion for reconsideration. Well, you can maybe use an indicative ruling procedure, but you don't have the power to rule on the decision, rule on the motion if it's a post-conviction, post-sentence motion for reconsideration in a criminal case. Um, so in that sense, yes, I don't think Rule 37 comes into play. I don't think... where it just says it divested the District Court of Jurisdiction over the case and conferred it on this court, that that line means that in that instance, Rule 37 cannot be applied. Yes, because, and it's a little more than that because the court actually discussed the other opportunities. It discussed the indicative ruling procedure in a footnote referring to, I think it was a case called Russell, which referred to Chronic, noting that that was a possibility for a new trial motion itself. And it distinguished a new trial motion from a reconsideration motion and said, no, we're affirming what the District Court did, which is, which is, um, which is, I have no jurisdiction, so I cannot rule upon it either way. And it's the exact opposite of what it did in Fobian. Fobian, the District Court held, I don't have jurisdiction. This court said, nope, that's an error. You do have jurisdiction because you can follow, you can follow Chronic. You can either deny the motion or you can file an indicative ruling. That was before Rule 37. The fact that Christie had the same scenario and came to the opposite conclusion, I think, means that it held the opposite, frankly. I guess just one more comment on this. Like, so, so footnote two of Christie sort of takes us back and says, well, there's this argument about the federal rules, but that federal rule doesn't apply here. Don't we read that to suggest that Christie sort of acknowledging that if the rules permitted this, that might be a different story because this is not, it's not an Article III jurisdictional question, right? So the allocation between the courts can be changed by the federal rule process? Perhaps, Your Honor. Uh, the, the reason I don't look at it that way is that, that, that option was open to Christie because it was open to Fobian and the court. Yeah, but you could read Christie as just saying, listen, we're going to leave this question right now, the federal rules don't tell us. And so we've got a default rule. Well, now the federal rules tell us something very specific, um, in allocating the authority between the Court of Appeals and the District Court. And that's not like strictly jurisdictional in the way we ought to use the phrase. If this court, well, that's the thing. If this court reads Christie as a something other than subject matter jurisdiction in the Article III sense, then I do think Rule 37 could alter it. Um, I also think though the District Court would have authority to deny a motion without having this non-Article III, it, it could, it could exercise the authority to deny the motion. Under what authority? Well, it's not interfering. The, the only thing that takes it away is the, the 3231, I guess is the top line answer to that. The only thing that takes it away is the Notice of Appeal and the Judge-Made Rule that says... Right. The point of that is the Judge-Made Rule, right? So we've, we've sort of made this up and said, you know, it's just really complicated to have two courts playing in the same sandbox, right? Yes. Um, but it seems odd to then say that the federal rules can't modify that Judge-Made Rule, right? Judges, at least that we're getting sort of some blessing from Congress. I don't disagree with the idea that it's maybe, maybe, well, I, I, I, I, I do think that's sort of the import because we, because this court has treated as jurisdiction, has used that term. You, we use that term like nobody's business, right? We just throw it around like it's whatever we want it to be. Fair enough. And perhaps, perhaps it has fooled me, Your Honor, because that's how I read, that's how I read Christie is speaking of, of, of, of a first order jurisdiction. How could it be Article III jurisdiction? I mean, I don't even understand the argument for how that could be an Article III jurisdiction, right? Because there's no doubt there's a case in controversy, right? Well, there's no, there is, there's a case in controversy, but which court gets authority is sometimes certainly treated as something the court has to consider before it moves on to the next thing. The district court, not under the constitution, right? Constitution doesn't require it. You know, you were here for the last case, right? Constitution doesn't care whether the federal circuit decides it or we decide it. Except that it does give the authority to Congress. And if Congress has drawn that authority a certain way, I think you're pushing constitutional boundaries to say we're going to ignore what Congress has said here. But that's one thing I did learn from last case. I don't know anything about that stuff. So please forgive me a little bit. Nor do I. But I think I might be able to answer your question anyway. If you consider it to be jurisdictional in the, in the, in the, I don't know, big J sense, then ordinarily the court would have to look at it first. Except there's an exception to that rule under SINOCHEM, which is the court can choose among threshold reasons for denying audience on the merits. So I think the court could probably say, I'm denying this, especially since it's a motion for reconsideration, which is a step removed from the merits anyway, in any event, and this court could perhaps avoid the whole thing. But, well, I've given you my position on Christie and I see I'm almost out of time. So if this court has no further questions, I would be happy to yield the balance of my time and rest on my briefs. All right. Thank you. Thank you. Thank you, your honors. One brief point. Can you start with Christie and why you think it's, I mean, I gave some examples, but can you tell us why you think Christie's not a problem? Yes, yes, absolutely, your honor. So I think two answers to that. One, I think Christie and rule 37 are answering different questions. Christie, the holding of Christie was if you've got this notice of appeal filed in a criminal case, and then you later have a defendant who moves for reconsideration, does that restore jurisdiction back in the district court? And Christie said, no. There, the district court did dismiss that motion for reconsideration for lack of jurisdiction, but that was not really what the court was concerned about. It was not concerned about denying or dismissal or granting. It was a question of really, was jurisdiction restored? So Christie answers that first question. Rule 37 answers the later question of, okay, if jurisdiction has not been restored in the district court, then what, if anything, can a district court do? So I think Christie and rule 37 really can coexist. And to the extent that they can't in this panel, if this panel is concerned about that, rule 37, this later enacted rule, would abrogate that part of Christie that conflicts with rule 37. So can I restate that to see if I understand what you're saying? So your point is that Christie stands for the broader proposition that district courts lack jurisdiction to act once the notice of appeal is filed. Rule 37, this is where you began, provides a limited exception to that, that there are some things that they can do. They can't really take the affirmative relief steps, which is the core of Christie, but they can deny or offer indicative rulings. Rule 37 is just allowing them to do those limited things in aid of our court's jurisdiction. Absolutely, Your Honor. I think that the only final point I would make is that my friend on the other side is correct that Mr. Armstrong's affidavit is dated 318. I think that's a pretty clear typo. And there are other typos in there. And I think generally, the tie usually goes to the prisoner. And that's where I suggest that this should go. And to the extent that this court would have any questions, I think that would be a factual issue for the district court, not for this court. So if the court has no further questions. So, Evan, so I asked you before and you answered the question, but as a friend of the court, as you were going to point, what do you want us to do in that context? You didn't answer my first question. That's correct. You're right. It was a limited appointment. What does the friend of the court want us to do? The friend of the court submits... Or I should say, would give its good counsel to the court. So the friend of the court submits that this court should consider Mr. Armstrong's appeal of his motion for reconsideration on the merits, but we take no position on those merits. Sure. Absolutely. Right. But you think the door should be open and available, but you don't give a position as to what we might do on the merits once we get it. Yes, absolutely, Your Honor. That's all I would... I wasn't trying to edge you beyond your appointment, but thank you. I appreciate it. Thank you so much, Your Honors. I appreciate the opportunity to serve as amicus for the court. All right. We're going to come down and re-counsel after the clerk puts us in adjournment until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Roger L. Gregory, Julius N. Richardson, DeAndrea Gist Benjamin